# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEISHA KEASLEY, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-436** |
| **MTT ENTERPRISES, L.L.C., ET AL** | **SECTION I/5** |

## ORDER AND REASONS

Before the Court are motions to dismiss filed by defendants, Ochsner Clinic Foundation, Ochsner Baptist Medical Center, Ochsner Medical Center-Kenner, L.L.C., and Ochsner Medical Center-Westbank, L.L.C. (collectively referred to herein as "Ochsner"),[1] Velfile, L.L.C. ("Velfile"),[2] NorthShore Regional Medical Center, L.L.C. ("NorthShore"),[3] and MTT Enterprises ("MTT"),[4] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and motions for a more definite statement pursuant to Rule 12(e). Plaintiffs, Keisha Keasley, et al, oppose the motion.[5] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### *BACKGROUND*

On February 19, 2010, plaintiffs filed a class action complaint in this Court alleging that defendants violated Louisiana law by charging excessive and duplicative fees for the retrieval of medical records.[6] Plaintiffs' complaint raises negligence,[7] breach of contract,[8] fraud,[9] Louisiana

---

[1] R. Doc. No. 21.
[2] R. Doc. No. 22.
[3] R. Doc. No. 23.
[4] R. Doc. No. 24.
[5] R. Doc. No. 25.
[6] R. Doc. No. 1, paras. 11-24, 52-54.

Unfair Trade Practices,[10] conspiracy to defraud,[11] and unjust enrichment[12] theories of recovery. Plaintiffs allege that they represent a class "of all Patients of the Oschner Defendants and/or [NorthShore} or their representatives . . . who were overcharged for the retrieval and reproduction of medical records since [2001[13]]."[14] Plaintiffs contend that they are typical of the class in that they were "unlawfully overcharged for the retrieval and reproduction of medical records in violation of the statute."[15]

Defendants' motions argue that plaintiffs' fraud claims should be dismissed for failure to state a claim. Defendants further argue that the Court should require plaintiffs to clarify their complaint with respect to their class action allegations.

*LAW AND ANALYSIS*

**I. Rule 12(b)(6)**

Plaintiffs concede that their fraud claims should be dismissed without prejudice.[16] Although MTT's reply asserts that the fraud claims should be dismissed *with prejudice* because plaintiffs did not request leave to amend their complaint, MTT ignores the fact that plaintiffs' opposition states that they "agree to the dismissal of the fraud claims without prejudice *until discovery can be conducted* to reveal the extent of the fraud. . ."[17] While plaintiffs did not explicitly request leave to amend, such request was implicit in their opposition. Accordingly,

---

[7] R. Doc. No. 1, paras. 29-32.
[8] R. Doc. No. 1, paras. 33-36.
[9] R. Doc. No. 1, paras. 37-38.
[10] R. Doc. No. 1, paras. 39-44.
[11] R. Doc. No. 1, paras. 45-48.
[12] R. Doc. No. 1, paras. 49-50.
[13] Plaintiffs' complaint states that they represent all patients who were overcharged "since the passage of Act 839. Earlier in plaintiffs' complaint, plaintiffs allege that such act was passed in 2001. *See* R. Doc. No. 1, paras. 14, 83. Although, plaintiffs do not allege when, if ever, such conduct ceased, their allegation that such conduct has occurred since the passage of Act 839 implies that the conduct continued through the filing of the complaint. *See* R. Doc. No. 1, para. 22.
[14] R. Doc. No. 1, para. 83.
[15] R. Doc. No. 1, para. 86.
[16] R. Doc. No. 25, p. 2.
[17] R. Doc. No. 25, p. 2 (emphasis added).

plaintiffs' fraud and conspiracy to commit fraud claims are **DISMISSED WITHOUT PREJUDICE**.[18]

**II. Rule 12(e)**

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

"[A Rule] 12(e) motion for a more definite statement is disfavored. It is universally deemed appropriate only when the pleading addressed is so vague it cannot be responded to." *Prudhomme v. Proctor & Gamble Co.*, 800 F.Supp. 390, 396 (E.D.La. 1992)(citations omitted). Moreover, the Fifth Circuit has cautioned:

> In view of the great liberality of [Rule 8], permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. It is to be noted that a motion for more definite statement is not to be used to assist in getting facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose.

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

Defendants contend that a more definite statement is necessary with respect to the following issues: (1) the jurisdictional amount; (2) the identity of the putative class plaintiffs; and

---

[18] Plaintiffs' opposition does not address defendants' arguments concerning plaintiffs' conspiracy to commit fraud claims. Because of plaintiff's lack of opposition and because plaintiffs' fraud claims are dismissed, plaintiffs' conspiracy to commit fraud claims are also dismissed without prejudice.

(3) the time period applicable to plaintiffs' claims.  The Court will address each of these arguments in turn.

**A. Jurisdictional amount**

Defendants request that the Court order plaintiffs to provide a more definite statement with respect to whether plaintiffs' allegations exceed the $5,000,000.00 jurisdictional amount applicable to class action matters.[19]  The Court notes, however, that defendants do not, on this basis, request dismissal pursuant to 12(b)(1) or 12(b)(6).  Nor have defendants alleged that the amount is not present.  Although the Court is not persuaded that plaintiffs' complaint adequately alleges the requisite amount in controversy, plaintiffs' complaint is not "so vague it cannot be responded to."  *Prudhomme*, 800 F.Supp. at 396.  To the extent that defendants intend to challenge this Court's jurisdiction, such arguments are more appropriately addressed in a separate motion at the close of jurisdictional discovery.

**B. Identity of the putative class plaintiffs**

Defendants allege that plaintiffs do not provide sufficient information to allow defendants to identify the putative plaintiffs.[20]  Plaintiffs' complaint, however, provides names, domiciles, and the fact that "[p]laintiffs were unlawfully overcharged for the retrieval and reproduction of medical records in violation of the statute."

"A motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery."  *Medrehab, Inc. v. Evangeline of Natchitoches, Inc.*, 1998 WL 671287, *1 (E.D.La. 1998)(Clement, J.).   Plaintiffs'

---

[19] 28 U.S.C. § 1332(d)(2) states: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which . . .  any member of a class of plaintiffs is a citizen of a State different from any defendant."
[20] R. Doc. No. 24-1, p. 6.

4

complaint contains sufficient information concerning the identity of putative plaintiffs to allow defendants to frame a response to plaintiffs' allegations.[21] Accordingly, defendants' motion with respect to the identity of the plaintiffs is **DENIED**.

**C. Time period applicable to plaintiffs' claims**

Defendants contend that the complaint fails to "state with any specificity the time period(s)" during which the violations occurred.[22] As noted above, however, the complaint contains sufficient allegations to make clear that the time period applicable to plaintiffs' claims is 2001 through the date of the filing of the complaint.[23] Although defendants contend that that they do not have a sufficient basis to determine "what, if any, limitations may be available" as defenses, plaintiffs' complaint is not "so vague [that] it cannot be responded to." *See Prudhomme*, 800 F.Supp. at 396. Moreover, any such limitations defenses may be determined by calculating back from the date of the filing of the complaint and through discovery. Accordingly, defendants' motion with respect to the time period is **DENIED**.

---

[21] In its reply brief, MTT argues that plaintiffs' complaint fails to provide sufficient allegations to determine whether the putative class representatives are themselves members of the class. R. Doc. No. 31, p. 3. Plaintiffs allege that their claims are typical of the class and that they were unlawfully overcharged for the retrieval and reproduction of medical records in violation of the relevant statute. R. Doc. No. 1, para. 86. To the extent that defendants intend to challenge plaintiffs' representation of the class, such arguments are more appropriate in an opposition to a motion to certify a class.
[22] R. Doc. No. 24-1, p. 7.
[23] *See* fn. 13, *supra*.

## *CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that the motions to dismiss filed by defendants are **GRANTED**. Plaintiffs' fraud and conspiracy to commit fraud claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the motions for a more definite statement filed by defendants are **DENIED.**

New Orleans, Louisiana, June 16, 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**